Antonio C. Cosme, Petitioner and Appellant, *v.* José Candelario, Warden of the Municipal Jail of Salinas, Respondent and Appellee.

No. 4653. Argued February 10, 1932.—Decided March 10, 1933.

*Leopoldo Feliú (Feliú & La Costa on the brief) for appellant. R. A. Gómez, Fiscal, for appellee.*

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Cosme, the owner and licensed operator of a slot machine, was arrested for carrying on by means of a device a game of chance, for money. The carrying on of such a game is, ordinarily, a misdemeanor. See section 299 of the Penal Code (Comp. Stat. 1911, sec. 5747). Prior to August 1931, when a law which authorizes the licensing of slot machines went into effect, the operation of such machines was held to be a violation of section 299, *supra*. See *People* v. *Torres*, 40 P.R.R. 241; and *People* v. *Rivera*, 41 P.R.R. 256. In the instant case, the district judge issued a writ of habeas corpus and, after a hearing, quashed the writ and remanded the petitioner to custody. The question is whether the owner of a slot machine, who has obtained a license for the operation thereof under the law of 1931, is exempt from prosecution.

By the terms of section one of the law of 1931 (Session Laws, p. 504), an internal revenue tax must be collected and paid on all gaming machines and machines operated by levers or coins or any substitute thereof, and automatic machines "sold, transferred, used or consumed in, or introduced into Porto Rico." Section 84 of the law of 1927 (Session Laws, p. 476), as amended by section three of the law of 1931, provides that every operator must pay every three months as a license tax "for the operation of automatic selling or gaming machines operated by levers or coins, or any substitute thereof, ten (10) dollars for each machine."

In *People* v. *Rodríguez*, 43 P.R.R. 11, wherein the law of 1931 was invoked for the first time as a ground for the reversal of a judgment it was said that: "The weight of the authorities is that the taxation of devices punishable by a penal law does not repeal the penal law unless such an intention is clearly indicated by the Legislature." Further consideration of the question as developed in the brief for appellant in the instant case has convinced us that the intention of the Legislature to exempt from prosecution the duly licensed operator of a slot machine is quite clear. The law of 1931 not only taxes automatic gaming machines but authorizes the issuance of a license for the operation of such machines as an occupation or business and exacts from the operator a tax for the privilege of carrying on that business. The obvious purpose of the Legislature was to legalize this particular form of gambling when carried on under specified conditions. We cannot assume that the framers of the law intended to license the business of using automatic gaming machines, to exact money from the licensee for the privilege of engaging in that business and at the same time to punish him by fine or imprisonment or both for so doing.

We have said that the law of 1931 exempts the licensed owner of a slot machine from prosecution. Beyond this, it does not repeal sections 291, 292, and 299 of the Penal Code. Neither an unlicensed owner nor an owner whose license has expired can take shelter behind this law. The license introduced in evidence in the instant case warns the licensee that if he either begins or continues to do business without a license he will be guilty of a misdemeanor and liable to prosecution. That, we think, is a correct interpretation of the law.

The judgment appealed from must be reversed and appellant will be discharged.

Mr. Justice Córdova Dávila took no part in the decision of this case.